PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONN COOK, ) | |
| ) | CASE NO. 4:16CV1677 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| MIDWEST INDUSTRIAL CONTRACT ) | |
| SERVICES, LLC., *et al*., ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | **ORDER** [Resolving ECF No. 8] |

Pending is a Rule 12(b)(6) partial motion to dismiss filed by Defendant Vallourec Star, LP ("Vallourec Star"), seeking dismissal of Count V of the Complaint filed by Plaintiff Donn Cook. ECF No. 8. The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. For the reasons set forth below, the Court grants the motion.

**I. Background**

On June 30, 2016, Plaintiff filed this action seeking, among other things, a permanent injunction and compensation for damages sustained. ECF No. 1. The five-count Complaint alleges claims for unlawful interference with Family Medical Leave Act ("FMLA") rights (Count One), retaliation in violation of the FMLA (Count Two), disability discrimination (Count Three), wrongful termination based on disability discrimination (Count Four), and intentional infliction of emotional distress (Count Six). *Id.*

(4:16CV1677)

Plaintiff alleges that Defendants Midwest Industrial Contract Services, LLC ("Midwest Industrial") and Vallourec Star terminated Plaintiff from a position in the Utility Department at Vallourec Star in violation of his rights under the FMLA, 29 U.S.C. § 2601 *et seq*. *Id.* Plaintiff also alleges disability discrimination and wrongful termination pursuant to Ohio Revised Code § 4112.01 *et seq.*, and IIED under common law. *Id.*

Specifically, Plaintiff alleges that in June 2014 he informed Defendants that he "needed help at work" because he suffered from several medical conditions and disabilities including obsessive compulsive disorder, depression, anxiety, and sleep apnea. *Id.* at ¶¶ 36-40, 73-76. In response, he was told by a safety supervisor to "suck it up." *Id.* at ¶¶ 41-42. During the same month, Plaintiff presented Defendants with a letter from his physician that addressed Plaintiff's medical conditions, diagnoses, and suggested work restrictions. *Id.* at ¶¶ 49-51. The letter also included a request for accommodation. *Id.* at ¶ 52. In response to the letter, Plaintiff alleges that Defendant Jodi Bosh told Plaintiff to "suck it up and return to work." *Id.* at ¶ 62. In June 2014, Plaintiff also submitted an application for FMLA leave to both Defendants Midwest Industrial and Vallourec Star. *Id.* at ¶¶ 64-66. Defendants denied the application. *Id*. at ¶¶ 68-70. Plaintiff alleges that, after the FMLA application was filed, Defendant Bosh told Plaintiff to "fix his problems then come back to work." *Id.* at ¶ 71. Plaintiff was terminated on July 12, 2014. *Id.* at ¶ 77.

Plaintiff contends that his termination unlawfully interfered with his right to FMLA leave and was in retaliation for exercising his FMLA rights. *Id.* at ¶¶ 92-110. Plaintiff also contends that Defendants discriminated against, and wrongfully terminated him based on his disability

2

(4:16CV1677)

and/or perceived disability. *Id.* at ¶¶ 111-26. Additionally, Plaintiff contends that, because of Defendants' extreme and outrageous conduct, he suffered from emotional distress. *Id.* at ¶¶ 128-32.

## II. Legal Standard

To survive a Fed. R. Civ. P.12(b)(6) motion to dismiss, the plaintiff's complaint must allege enough facts to "raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Fed. R. Civ. P. 8(a)(2) requires only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint requires "further factual enhancement," which "state[s] a claim to relief that is plausible on its face." *Id.* at 557, 570. A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, U.S. 550 at 564.

## III. Analysis

In its motion to dismiss, Defendant Vallourec Star argues that Plaintiff has failed to plead facts rising to the level of "extreme and outrageous" conduct required to establish a claim for

3

(4:16CV1677)

intentional infliction of emotional distress under Ohio law. ECF No. 8-1 at PageID #: 45-47. In opposition, Plaintiff argues that he has sufficiently alleged "extreme and outrageous" conduct because his complaint only needs to provide Defendants with fair notice of his claim for intentional infliction of emotional distress. ECF No. 13 at PageID #: 92. Plaintiff further argues that a defendant must show beyond a doubt that plaintiff can prove no set of facts entitling him to recovery in order to grant a motion to dismiss. Id. at PageID # 93-95.

For purposes of efficiency, the Court adopts and incorporates by reference the discussion of claims brought for intentional infliction of emotional distress under Ohio law as set forth in *Culler v. Exal Corp.*, No. 4:15CV2318, 2016 WL 3280388, --- F. Supp.3d ----, at *2-*3 (N.D. Ohio June 15, 2016) (Pearson, J.). Plaintiff has pleaded that he informed Defendants that he "needed help at work" because he suffered from several medical conditions and disabilities including obsessive compulsive disorder, depression, anxiety, and sleep apnea. And, after providing a letter from his physician and filing an application for FMLA leave, he was denied FMLA leave and repeatedly told to "suck it up" or return to work. Plaintiff has pleaded that Defendants terminated plaintiff in a manner that is allegedly retaliatory or discriminatory.

As in *Culler*, Plaintiff in this case "provides no factual allegations beyond the account of his termination to support that Defendants' conduct qualifies as 'extreme and outrageous'" as a matter of law. *Culler*, 2016 WL 3280388 at *3. Plaintiff's allegations do not describe "conduct that a reasonable person could conclude is 'beyond all possible bounds of decency.'" Id. at *2-*3. "Because Plaintiff has failed to allege 'extreme and outrageous' conduct on the part of

4

(4:16CV1677)

Defendants, he has also [sic] failed to state a claim for intentional infliction of emotional distress." Id. at *4.

## **IV. Conclusion**

For the foregoing reasons, the Court grants Defendant Vallourec Star's Motion for Partial Dismissal. ECF No. 8.

IT IS SO ORDERED.

 November 29, 2016                                         */s/ Benita Y. Pearson*
Date                                                              Benita Y. Pearson
                                                                      United States District Judge